UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

JOSHUA BOLING                                                                                    PLAINTIFF

v.                             CASE NO. 2:19-CV-00157-BSM

HARCROS CHEMICALS, INC., *et al.*                                                 DEFENDANTS

## ORDER

The City of Elaine's motion for summary judgment [Doc. No. 13] is granted. Joshua Boling's negligence claim against City of Elaine Water Works (the "Water Company"), and his negligence claims against John Doe and Detrick Marshall, in their official capacities, are dismissed with prejudice.

## I. BACKGROUND

The allegations in the amended complaint that have yet to be contested are accepted as true and are construed in the light most favorable to Boling, the non-moving party.

Boling alleges that he was a driver for a company that transported chlorine gas for Harcros Chemicals, Inc. Am. Compl. ¶¶ 12–14, Doc. No. 39. He states that he drove to Elaine to retrieve empty gas containers from the Water Company and that two Water Company employees, Doe and Marshall, directed him and helped him put the containers on his truck. *Id.* ¶¶ 15–18. He alleges he was injured when the containers opened and he was exposed to chlorine gas. *Id.* ¶¶ 19–21.

Boling is suing Harcros, the Water Company, Doe, and Marshall for negligence; the Water Company, Doe, and Marshall for violating his right to substantive due process; and

the Water Company for failure to train its employees. The city moves for summary judgment on the negligence claims against the Water Company, and Doe and Marshall, in their official capacities.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249–50 (1986). All reasonable inferences must be drawn in a light most favorable to the nonmoving party. *See Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). The evidence is not weighed, and no credibility determinations are made. *See Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III. DISCUSSION

Summary judgment is granted on Boling's negligence claims against the Water Company and Doe and Marshall, in their official capacities, because the city is immune from suit. Ark. Code. Ann. § 21-9-301; *Rogers v. City of Little Rock*, 152 F.3d 790, 800 (8th Cir. 1998) (actions against city entities and employees are actions against city itself). Municipalities are immune from tort liability except to the extent that they are covered by liability insurance. § 21-9-301. The city is immune because it does not have insurance that covers this type of accident. Aff. of Mayor Michael Cravens, Mot. Summ. J., Ex. 1, Doc. No 13.

Boling argues that he cannot verify whether the city had liability insurance at the time of his accident, and that a ruling should be deferred until discovery is complete. Br. Supp.

Resp. Opp. Mot. Summ. J. at 5, Doc. 21.  Boling's position is fair; however, the mayor has sworn that the city does not have insurance that would cover Boling's injuries. Consequently, the request to hold the ruling in abeyance will be denied.  Boling, however, is permitted to take full discovery on this issue and if the mayor has given false testimony, then this order will be vacated and the mayor and the city will have to explain why they should not be held in contempt.

Boling also argues that defendants' actions were grossly negligent and that the city is not immune from gross negligence claims.  Boling, however, has failed to show that defendants intentionally violated a duty owed to him.  *See Key v. Coryell*, 185 S.W.3d 98, 107 (Ark. Ct. App. 2004) (gross negligence is intentional failure to perform duty in reckless disregard of consequences affecting life or property of another).  Consequently, his gross negligence argument is rejected.

## IV. CONCLUSION

For the foregoing reasons, the city's motion for summary judgment [Doc. No. 13] is granted.  Boling's negligence claim against the Water Company, and his negligence claims against Doe and Marshall, in their official capacities, are dismissed with prejudice.

IT IS SO ORDERED this 15th day of July, 2020.

*[signature]*
UNITED STATES DISTRICT JUDGE