IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

JOSHUA BOLING                                                                                    PLAINTIFF

v.                              CASE NO. 2:19-CV-00157-BSM

HARCROS CHEMICALS, INC., *et al.*                                              DEFENDANTS

## ORDER

Detrick Marshall's motion to dismiss [Doc. No. 67] is granted because Joshua Boling's first amended complaint fails to state a claim against him upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Boling's motion to add Melvin Tye as a defendant [Doc. No. 70] is denied because he seeks to assert the exact same allegations against Tye as those being dismissed against Marshall. Both Marshall and John Doe #1, who Boling has now identified as Tye, are hereby dismissed as defendants from this case.

## I. BACKGROUND

Boling was a driver for a trucking company that transported chlorine gas for Harcros Chemicals. Am. Compl. ¶¶ 12–14, Doc. No. 39. On December 10, 2018, Boling drove from Memphis, Tennessee to Elaine, Arkansas to retrieve empty gas containers from the City of Elaine Water Works ("Water Company"). *Id*. ¶ 15. When he arrived, two Water Company employees, Detrick Marshall and John Doe #1, directed him and helped him load the containers on his truck. *Id.* ¶¶ 16–18. As Boling was loading a container onto the truck, its valve cover broke off and struck Boling in the face, causing him to drop the container. *Id*. ¶ 19. The container's valve then opened and Boling was exposed to chlorine gas. *Id.* ¶¶

20–21. Prior to loading, Marshall advised Boling that all of the containers were empty, even though at least one of them still held dangerous chlorine gas. *Id.* ¶¶ 31–32.

Boling is suing Harcros Chemicals for negligence, and he is suing Marshall and Doe, in their individual capacities, for negligence and constitutional violations. His negligence and constitutional claims against the Water Company, and Marshall and Doe, in their official capacities, have already been dismissed. *See* Doc. Nos. 46, 54. Marshall moves to dismiss Boling's negligence and constitutional claims against him.

## II. LEGAL STANDARD

Rule 12(b)(6) permits dismissal when the plaintiff fails to state a claim upon which relief may be granted. To meet the 12(b)(6) standard, a complaint must allege sufficient facts to entitle the plaintiff to the relief sought. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although detailed factual allegations are not required, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient. *Ashcroft*, 556 U.S. at 678. All well pleaded allegations in the complaint must be accepted as true and be construed in the light most favorable to the plaintiff. *Id.*

In ruling on a motion to dismiss, materials that are embraced by the pleadings, as well as exhibits attached to the pleadings and matters of public record, may all be considered. *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010). If, however, the parties present matters outside the pleadings, and the court opts to consider such matters, the motion must be treated as a motion for summary judgment. Fed. R. Civ. P. 12(d).

III. DISCUSSION

As a preliminary matter, Marshall's testimony from his deposition will not be considered in evaluating this motion to dismiss because it constitutes a matter outside the pleadings. *See Gorog v. Best Buy Co., Inc.*, 760 F.3d 787, 791 (8th Cir. 2010) (matters outside the pleadings include "any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings"). Although Marshall's deposition testimony could be considered if the motion was converted to a motion for summary judgment, that is not warranted under the circumstances. Fed. R. Civ. P. 12(d). Boling took nearly seven months, after identifying Marshall as a defendant, to serve him; consequently, Marshall was deposed before he was even served. *See* Doc. Nos. 35, 49, 55. It would be unfair to now permit Boling to bootstrap his claims to deposition testimony that, under normal circumstances, would not have been taken until after Marshall had filed his motion to dismiss.

A. <u>Negligence</u>

Marshall's motion to dismiss Boling's negligence claim is granted because Marshall is entitled to immunity on that claim under Arkansas Code Annotated section 21-9-301.

In Arkansas, employees of municipal corporations are statutorily immune from suit on negligence claims that relate to performance of their official duties. *Davis v. Fulton County, Ark.*, 90 F.3d 1346, 1353 (8th Cir. 1996). This is true whether the claims are brought against employees in their official or individual capacities. *Davis v. Fulton County, Ark.*, 884 F.Supp 1245, 1262 n.22 (8th Cir. 1996) ("while the pleading distinction between 'official

capacity' liability and 'individual capacity' liability remains relevant in § 1983 actions alleging official misconduct by public officials... this distinction is of no moment when determining the scope of immunity afforded by § 21-9-301 in any analogous tort actions").

Here, Boling's complaint states unequivocally that Marshall was acting within the scope of his employment with the City of Elaine during the time he was purportedly negligent. Am. Compl. ¶ 29. Marshall's assistance in loading Boling's truck with the containers, and any actions Marshall took with respect to those containers beforehand, were part and parcel of his official work-related functions. Accordingly, Marshall is entitled to immunity on Boling's negligence claim.

Boling contends that Marshall is not entitled to immunity because his complaint alleges a gross negligence claim and A.C.A. § 21-9-301 only applies to ordinary negligence claims. First, contrary to Boling's assertion, the Supreme Court of Arkansas never held in *Doe v. Baum*–or in any other case–that A.C.A. § 21-9-301 applies to ordinary negligence claims, but not gross negligence claims. Second, a review of Boling's complaint belies his contention that he set forth a gross negligence claim. The complaint fails to assert that Marshall engaged in intentional misconduct or acted grossly negligent, much less offer any factual allegations to support a gross negligence claim. *See* Am. Compl. ¶¶ 16–18, 30–32. In an effort to save his claim, Boling invokes Marshall's deposition testimony, arguing that Marshall knowingly loaded a leaking container into his truck. Resp. Mot. Dismiss at 7, Doc. No. 75. As previously explained, however, Marshall's deposition is a matter outside the pleadings and is not part of the record in deciding this motion.

B.  <u>Constitutional Claims</u>

Marshall's motion to dismiss Boling's constitutional claims is granted as Boling fails to state a claim under either the Fourth, Eighth, or Fourteenth Amendments.

The Fourth Amendment protects against unreasonable searches and seizures, and requires the existence of probable cause for warrants to issue. *City of Indianapolis v. Edmond*, 551 U.S. 32, 37 (2000); *Illinois v. Gates*, 462 U.S. 213, 239 (1983). It is not implicated whatsoever by the claims raised in Boling's complaint. The same is true of the Eighth Amendment, which does not apply to Boling's claims because it only prohibits the infliction of cruel and unusual punishment on prisoners convicted of crimes. *See Wilson v. Seiter*, 501 U.S. 294, 297 (1991).

The Fourteenth Amendment prohibits governmental action depriving individuals of life, liberty, or property, without due process of the law. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Merely negligent acts taken by government officials, resulting in the unintended deprivation of life, liberty, or property, do not constitute substantive due process violations. *Daniels v. Williams*, 474 U.S. 327, 328 (1986). Indeed, substantive due process liability is narrow – it only applies to actions taken by governmental officials that shock the conscience. *See Sitzes v. City of West Memphis Ark.*, 606 F.3d 461, 467 (8th Cir. 2010) (to establish a substantive due process violation, an official's conduct must be "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience"). Conduct only qualifies as conscience-shocking if it is motivated by an intent to harm, or in some cases, if it demonstrates deliberate indifference. *Hart v. City of Little Rock*, 432 F.3d 801, 806 (8th Cir.

2005). Deliberate indifference is shown when an official is aware of facts from which he or she could infer that a substantial risk of serious harm exists, and the official actually makes such an inference. *Moore ex. rel. Moore v. Briggs*, 381 F.3d 771, 773–774 (8th Cir. 2004).

Boling does not allege that Marshall acted with intent to harm; instead, he contends that Marshall acted with deliberate indifference to his safety. Am. Compl. ¶ 36. He argues that Marshall consciously disregarded his duty to ensure that a chlorine gas container was empty before loading it onto Boling's truck, even though he knew of the danger posed by exposure to chlorine gas. *Id*. ¶ 38. Boling has failed to state a plausible claim that Marshall acted with deliberate indifference because he only alleges that Marshall was aware, in a general sense, of the danger posed by exposure to chlorine gas. His complaint neither alleges nor supports a reasonable inference that Marshall knew that the container that caused Boling's injuries still held chlorine gas.

## IV. CONCLUSION

For the foregoing reasons, Detrick Marshall's motion to dismiss [Doc. No. 67] is granted; accordingly, he is dismissed from this case with prejudice. Boling's motion to add Melvin Tye as a defendant [Doc. No. 70] is denied, and John Doe #1, who has now been identified as Tye, is also dismissed with prejudice.

IT IS SO ORDERED this 19th day of July, 2021.

_____
UNITED STATES DISTRICT JUDGE